1
2
3                                                        O
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                  CENTRAL DISTRICT OF CALIFORNIA
10
11   VINCENT J. MOORE,                )   Case No. SACV 12-00739-OP
12                    Plaintiff,      )
                                      )
13              v.                    )   MEMORANDUM OPINION AND
                                      )   ORDER
14   MICHAEL J. ASTRUE,               )
     Commissioner of Social Security, )
15                                    )
                     Defendant.       )
16   ─────────────────────────────   )
17
18        The Court[1] now rules as follows with respect to the disputed issue listed in
     the Joint Stipulation ("JS").[2]
19   / / /
20
21
22   ──────────────────────
23        [1]  Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before
     the United States Magistrate Judge in the current action.  (ECF Nos. 8, 9.)
24
25        [2]  As the Court advised the parties in its Case Management Order, the
     decision in this case is being made on the basis of the pleadings, the
26   Administrative Record and the Joint Stipulation filed by the parties.  In accordance
     with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined
27   which party is entitled to judgment under the standards set forth in 42 U.S.C. §
     405(g).  (ECF No. 6 at 3.)
28

                                       1

# I.

## DISPUTED ISSUE

As reflected in the Joint Stipulation, the disputed issue raised by Plaintiff as the ground for reversal and/or remand is whether the Administrative Law Judge ("ALJ") properly considered Plaintiff's testimony.  (JS at 4.)

# II.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied.  DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991).  Substantial evidence means "more than a mere scintilla" but less than a preponderance.  Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Perales, 402 U.S. at 401 (citation omitted).  The Court must review the record as a whole and consider adverse as well as supporting evidence.  Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986).  Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld.  Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

# III.

## DISCUSSION

### A.    The ALJ's Findings.

The ALJ found that Plaintiff has the following severe impairments: chronic left shoulder pain with impingement secondary to torn rotator cuff, hypertension, obesity, chronic obstructive pulmonary disease ("COPD"), hepatitis C, and edema. (Administrative Record ("AR") at 24.)  The ALJ concluded that Plaintiff

2

retains the residual functional capacity ("RFC") to perform a range of light work with the following limitations:  lift and/or carry twenty pounds occasionally and ten pounds frequently; stand and/or walk six hours of an eight-hour workday with normal breaks; sit for six hours of an eight-hour workday, with normal breaks; occasionally bend, stoop, crawl, balance, and climb ramps and stairs; never climb ladders, ropes, and scaffolds; never raise his left upper extremity above shoulder level; avoid unprotected heights, excessive hot or cold temperature change, and excessive exposure to air pollution; and have only occasional interaction with co-workers, supervisors, and the public.  (Id. at 25.)

To determine the extent to which Plaintiff's limitations eroded his ability to perform the unskilled light occupational base, the ALJ asked the vocational expert ("VE") whether jobs exist in the national economy for an individual with Plaintiff's age, education, work experience, and RFC.  (Id. at 21.)  Based on the testimony of the VE, the ALJ determined Plaintiff could make a successful adjustment to other work that exists in significant numbers in the national economy such as toy assembler (Dictionary of Occupational Titles ("DOT") No. 731.678-034; and cleaner II (DOT No. 323.687-014).  (AR at 29.)  Thus, the ALJ determined that Plaintiff has not been under a disability as defined by the Social Security Act.  (Id.)

**B.    The ALJ Properly Evaluated Plaintiff's Credibility.**

Plaintiff asserts that the ALJ failed to provide clear and convincing reasons for rejecting his subjective complaints, did not specifically identify the testimony he found not to be credible, and improperly relied only on the fact that the medical evidence failed to support Plaintiff's allegations.  (JS at 7-14.)  The Court disagrees.

**1.    Legal Standard.**

An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight."  Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v.

3

1    Heckler, 779 F.2d 528, 531 (9th Cir. 1986).  When, as here, an ALJ's disbelief of

2    a claimant's testimony is a critical factor in a decision to deny benefits, the ALJ

3    must make explicit credibility findings.  Rashad v. Sullivan, 903 F.2d 1229, 1231

4    (9th Cir. 1990); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981); see also

5    Albalos v. Sullivan, 907 F.2d 871, 874 (9th Cir. 1990) (an implicit finding that

6    claimant was not credible is insufficient).

7         Once a claimant has presented medical evidence of an underlying

8    impairment which could reasonably be expected to cause the symptoms alleged,

9    the ALJ may only discredit the claimant's testimony regarding subjective pain by

10   providing specific, clear, and convincing reasons for doing so.  Lingenfelter v.

11   Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007).  An ALJ's credibility finding

12   must be properly supported by the record and sufficiently specific to ensure a

13   reviewing court that the ALJ did not arbitrarily reject a claimant's subjective

14   testimony.  Bunnell v. Sullivan, 947 F.2d 341, 345-47 (9th Cir. 1991).  An ALJ

15   may properly consider "testimony from physicians . . .  concerning the nature,

16   severity, and effect of the symptoms of which [claimant] complains," and may

17   properly rely on inconsistencies between claimant's testimony and claimant's

18   conduct and daily activities.  See, e.g., Thomas v. Barnhart, 278 F.3d 947, 958-59

19   (9th Cir. 2002) (citation omitted).  An ALJ also may consider "[t]he nature,

20   location, onset, duration, frequency, radiation, and intensity" of any pain or other

21   symptoms; "[p]recipitating and aggravating factors"; "[t]ype, dosage,

22   effectiveness, and adverse side-effects of any medication"; "[t]reatment, other

23   than medication"; "[f]unctional restrictions"; "[t]he claimant's daily activities";

24   "unexplained, or inadequately explained, failure to seek treatment or follow a

25   prescribed course of treatment"; and "ordinary techniques of credibility

26   evaluation," in assessing the credibility of the allegedly disabling subjective

27   symptoms.  Bunnell, 947 F.2d at 346-47; see also Soc. Sec. Ruling 96-7p; 20

28   C.F.R. 404.1529 (2005); Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595,

4

600 (9th Cir. 1999) (ALJ may properly rely on plaintiff's daily activities, and on conflict between claimant's testimony of subjective complaints and objective medical evidence in the record); Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998) (ALJ may properly rely on weak objective support, lack of treatment, daily activities inconsistent with total disability, and helpful medication); Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995) (ALJ may properly rely on the fact that only conservative treatment had been prescribed); Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ may properly rely on claimant's daily activities and the lack of side effects from prescribed medication).

## 2.   **Analysis.**

As stated by the ALJ, Plaintiff alleged his impairments "caused difficulty with standing and walking due to shortness of breath and edema in his legs; that the pain caused difficulty concentrating and focusing and a poor work history; and he had no stamina." (AR at 26 (citations omitted).)

In his decision, the ALJ generally discounted Plaintiff's credibility as follows:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

(Id.)

The ALJ then provided additional clear and convincing reasons for the discounting of Plaintiff's subjective complaints.

First, with regard to Plaintiff's hypertension, the ALJ noted that the impairment was "treated successfully with medications." (Id. at 26 (citations omitted).) He also noted that according to the treating physician, Plaintiff's

5

1   prognosis for that impairment was "excellent in 2007." (Id. (citation omitted).)
2   The ALJ also commented that Plaintiff's edema and COPD were both under
3   control with medications, with "occasional flare ups that would not cause the
4   claimant . . . more than minimal limitations in the ability to perform basic work
5   activities." (Id. (citations omitted).).  As such, because Plaintiff's hypertension,
6   edema, and COPD could be controlled effectively with medication, his complaints
7   that his COPD and edema caused more than minimal limitations with regard to
8   standing and/or walking were properly discounted.  Warre v. Comm'r of Soc. Sec.
9   Admin., 439 F.3d 1001, 1006 (9th Cir. 2006) (impairments that can be controlled
10  effectively with medication are not disabling for purposes of eligibility for
11  benefits); Odle v. Heckler, 707 F.2d 439, 440 (9th Cir. 1983) (where claimant's
12  multiple impairments were controllable by medication or other forms of treatment,
13  ALJ did not err by finding impairments did not significantly limit claimant's
14  exertional capabilities).

15          Similarly, with regard to Plaintiff's hepatitis C, the ALJ found no evidence
16  in the medical record or from Plaintiff's testimony that his hepatitis C caused any
17  limitations.  Morgan, 169 F.3d at 600 (a conflict between subjective complaints
18  and objective medical evidence in the record is a sufficient reason that undermines
19  a claimant's credibility).

20          The ALJ next considered Plaintiff's left shoulder pain.  The ALJ noted that
21  Plaintiff appeared not to consider this a "main complaint" and "did not testify that
22  the shoulder pain limited him from all types of work or activities." (AR at 26-27.)
23  The ALJ also noted that Plaintiff's treating physician did not place any
24  restrictions. (Id. at 27.)  In fact, the treating physician noted that Plaintiff was
25  capable of lifting ten pounds frequently and twenty pounds occasionally,
26  consistent with his RFC for a range of light work. (Id. at 384-86.)  Nevertheless,
27  the ALJ gave Plaintiff the benefit of the doubt with regard to his shoulder pain and
28  also limited him to not raising his left upper extremity above shoulder level, as

6

1   well as finding other postural and environmental limitations.  (Id. at 25.)

2        The ALJ also discounted Plaintiff's complaints because Plaintiff "stopped

3   working for reasons not related to the allegedly disabling impairments."  (Id. at

4   27.)  The ALJ stated that Plaintiff testified he had been working as a prep cook "in

5   2001, just prior to the alleged disability onset date," but quit after he "had a

6   disagreement" with the chef when he was expected to do the work of more than

7   three men.  (Id. at 27, 63.)  Generally, the fact that a claimant left his job for a

8   reason other than pain is a clear and convincing reason for discounting his

9   testimony.  See Drouin v. Sullivan, 966 F.2d 1255, 1258-59 (9th Cir. 1992).  In

10  this case, however, the Court believes the ALJ misstated the date Plaintiff left this

11  job, as there was no testimony at the hearing about the date, and other records

12  indicate he left this job in 1999. two years prior to the alleged onset date of

13  February 1, 2001.[3]  (AR at 248, 298.)  As a result, this reason for discounting

14  Plaintiff's credibility although clear, is not convincing.  However, because the ALJ

15  provided other valid reasons for discounting Plaintiff's credibility, any error was

16  harmless.  See Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1162,

17  1163 (9th Cir. 2008) (finding an error by the ALJ with respect to one or more

18  factors in a credibility determination may be harmless if there "remains substantial

19  evidence supporting the ALJ's conclusions" in that regard); Batson v. Comm'r of

20  Soc. Sec. Admin., 359 F.3d 1190, 1197 (9th Cir. 2004) (upholding the ALJ's

21  reasons for discounting claimant's credibility where one reason was invalid but

22  other reasons supported the ALJ's analysis).

23       The ALJ also noted that the "allegedly limited daily activities" testified to

24  by Plaintiff were not supported by the record "in view of the relatively weak

25  _____

26       [3]  Plaintiff testified that in 2001, shortly prior to the onset date, he was
    working as a painter and ended up going on California disability because of the
27  condition that "overtook my legs."  (AR at 62.)  He did not allege that his shoulder
    pain in any way caused him to leave his painter position.
28

1   medical evidence and other factors discussed" in the decision.  (AR at 27.)  The

2   ALJ further noted that Plaintiff attributed his limited daily activities to reasons

3   "not related to his physical impairments."  (Id.)  These are clear and convincing

4   reasons for discounting Plaintiff's credibility.  Morgan, 169 F.3d at 600 (ALJ may

5   properly rely on plaintiff's daily activities, and on conflict between claimant's

6   testimony of subjective complaints and objective medical evidence in the record);

7   Tidwell, 161 F.3d at 602 (ALJ may properly rely on weak objective support, lack

8   of treatment, daily activities inconsistent with total disability, and helpful

9   medication); Orteza, 50 F.3d at 750 (ALJ may properly rely on claimant's daily

10  activities and the lack of side effects from prescribed medication).

11       Finally, the ALJ also carefully considered the medical opinion evidence

12  from multiple sources.  (AR at 27-28.)  To the extent the ALJ relied on the fact

13  that the objective medical evidence does not support Plaintiff's alleged severity of

14  symptoms, although a lack of objective medical evidence may not be the sole

15  reason for discounting a plaintiff's credibility, it is nonetheless a legitimate and

16  relevant factor to be considered.  Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir.

17  2001).  Here, the ALJ found that the records of Plaintiff's treating physician

18  showed Plaintiff had no restrictions.  (AR at 27.)  However, the ALJ also

19  considered the functional limitations found by the independent medical expert,

20  Arnold Ostrow, M.D., who testified at the hearing; State agency physician, L.

21  Naiman, M.D., who assessed Plaintiff on June 30, 2009; and the consultative

22  examination by internist John Godes, M.D., on June 17, 2009, each of whom did

23  indicate some functional limitations.  (Id. at 27-28.)

24       The ALJ gave "significant weight" to the opinion of the medical expert, Dr.

25  Ostrow, which the ALJ found to be consistent with Plaintiff's testimony and the

26  "longitudinal medical record of evidence as a whole."  (Id. at 27.)  Dr. Ostrow's

27  opinion and findings were used to develop Plaintiff's RFC.  The ALJ gave some

28  discounted weight to the opinions of Dr. Naiman and Dr. Godes, but found that

8

1  neither of them considered Plaintiff's exertional, postural, and environmental
2  limitations, to which the ALJ gave Plaintiff "the benefit of the doubt."  (Id. at 27,
3  28.)

4       Based on the foregoing, the Court finds the ALJ's credibility finding was
5  supported by substantial evidence and was sufficiently specific to permit the Court
6  to conclude that the ALJ did not arbitrarily discredit Plaintiff's subjective
7  testimony.  Thus, there was no error.

8  **IV.**
9  **ORDER**

10       Based on the foregoing, IT IS THEREFORE ORDERED, that judgment be
11  entered affirming the decision of the Commissioner of Social Security and
12  dismissing this action with prejudice.

14  Dated: February 14, 2013

15  HONORABLE OSWALD PARADA
United States Magistrate Judge

9